UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH J. ANDERSON,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 13-cv-05772 RJB

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

Noting Date: July 11, 2014

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 16, 17, 18).

After considering and reviewing the record, the Court finds that the ALJ did not provide specific and legitimate reasons for discounting the opinion of treating provider

Megan DeBell, M.D. Because this was not harmless error, this matter should be reversed and remanded for further proceedings.

BACKGROUND

Plaintiff, KENNETH J. ANDERSON, was born in 1968 and was 39 years old on the alleged date of disability onset of September 1, 2007 (*see* Tr. 181, 188). Plaintiff completed the 11th grade in high school and then obtained a GED (Tr. 38-39). Plaintiff has worked in sales for an auto dealership, as a donation pick-up truck driver, and as a handyman (Tr. 42-43). Plaintiff's last employment was driving a donation pick-up truck, which ended due to his erratic driving (Tr. 41). According to the ALJ, plaintiff has at least the severe impairments of "diabetes; obesity; sleep apnea; and adjustment disorder with depressed mood (20 CFR 404.1520(c) and 416.920(c))" (Tr. 13). At the time of the hearing, plaintiff was living in an apartment by himself (Tr. 37).

PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 181-87, 188-91). The applications were denied initially and following reconsideration (Tr. 71-74). Plaintiff's requested hearing was held before Administrative Law Judge Rebekah Ross ("the ALJ") on May 4, 2012 (*see* Tr. 30-70). On May 17, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 8-29).

On July 10, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in September 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on November 20, 2013 (*see* ECF Nos. 10, 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in failing to consider plaintiff's Peripheral Neuropathy a severe condition; and (2) Whether or not the ALJ erred in rejecting the opinion of treating physician Megan DeBell, M.D. (*see* ECF No. 16, p. 2).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1) Whether or not the ALJ erred in failing to consider plaintiff's Peripheral Neuropathy a severe condition

Plaintiff argues the ALJ erred at step two of the sequential disability evaluation process by failing to find his peripheral neuropathy to be a severe impairment (ECF No.

16, pp. 2-4). The Court agrees that this is legal error. However, because the Court concludes that this matter should be reversed and remanded due to a harmful error in the evaluation of the medical evidence, *see infra*, section 2, the Court will not discuss whether or not this additional error is harmless error. The error, too, should be corrected following remand of this matter after the medical evidence is evaluated anew.

(2) Whether or not the ALJ erred in rejecting the opinion of treating physician Megan DeBell, M.D.

Plaintiff's treating physician, Dr. Megan DeBell, wrote a letter in May 2012 giving her opinion of plaintiff's functional limitations (Tr. 503). She opined plaintiff would be limited to standing for thirty minutes at one time and four hours total in an eight hour work day (Id.). She also opined plaintiff could sit for only thirty minutes at one time, lift no more than twenty pounds, and carry no more than ten pounds (Id.). Dr. DeBell noted plaintiff would have difficulty moving quickly and would be unable to maintain sustained concentration (Id.). In conclusion she stated that plaintiff's impairments make him unable to work a full time job on a reliable basis (Id.).

The ALJ addressed Dr. DeBell's opinion as follows:

> I give this opinion little weight. In February of 2012, when Dr. Debell saw the claimant, she had not seen him in over one year. At that appointment, he told the doctor that he last worked 5 years ago, was applying for disability, and his back pain and neuropathic pain had prevented him from working (Ex 11F/1). Dr. Debell wrote this statement subsequent to that visit. Her opinion is not supported by the objective medical evidence of record and appears to have been based on the claimant's subjective reports of limitations. As stated above the claimant's allegations are not credible.

(Tr. 20-21). Plaintiff argues the ALJ failed to provide legally sufficient reasons to discredit Dr. DeBell's opinion (ECF No. 16, pp. 4-7). This Court agrees.

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (*citing Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043

(9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ discredited Dr. DeBell's opinion noting Dr. DeBell had not seen plaintiff in over a year (Tr. 20). While the frequency of contact between a claimant and the medical provider is one factor used to determine the weight to give an opinion, it is not sufficient reason, alone, to discredit a treating provider opinion. *See* 20 C.F.R. §§ 404.1527, 416.927. This reason is especially unconvincing when the only other opinion evidence regarding plaintiff's physical functioning came from a non-examining medical provider who had never seen plaintiff (Tr. 20).

Further, the ALJ's finding that Dr. DeBell had not treated plaintiff for a year prior to rendering her opinion is not supported by substantial evidence. The ALJ's conclusion is based on a chart note written by Dr. DeBell on February 7, 2012 (Tr. 20, 473). However, Dr. DeBell's opinion was written on May 2, 2012, almost three months later (Tr. 503). In the letter, Dr. DeBell stated that she became plaintiff's primary doctor in January 2012 when his prior doctor retired (*Id*.). So, at the time Dr. DeBell rendered her opinion, she had been treating plaintiff for several months, and it is unclear from the record how many times Dr. DeBell examined plaintiff. The ALJ's finding that Dr. DeBell had not seen plaintiff in over a year was not supported by substantial evidence and was not a specific and legitimate reason to discredit the opinion.

The ALJ also discredited Dr. DeBell's opinion finding it unsupported by objective evidence and based on plaintiff's subjective complaints (Tr. 21). "A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan, supra,* 169 F.3d at 602 (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))). However, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Here, the ALJ provided no explanation or support for her conclusion that Dr. DeBell's opinion was based in large part on plaintiff's subjective complaints. In fact, the record seems to support the opposite conclusion. The record shows that plaintiff was receiving treatment at the Carolyn Downs Medical Clinic since 2005 (Tr. 344-83, 393-405, 473-99,503). Dr. DeBell, as a physician at that clinic, would have had access to those records. Further, Dr. DeBell specifically mentioned plaintiff's history with the clinic in her opinion making it reasonable to infer that her opinion was based, at least in part, on plaintiff's treatment records. The ALJ's finding that Dr. DeBell's opinion was based to a large extent on subjective complaints is not supported by substantial evidence.

The ALJ also noted as further reason to discredit the opinion that plaintiff told Dr. DeBell in February 2012 that he had stopped working five years ago (Tr. 20, 473). While the ALJ provides no further explanation, the ALJ did discuss this statement earlier in his

decision when discounting plaintiff's credibility (Tr. 20). Plaintiff does not take issue with the ALJ's credibility determination. However, as discussed above, the ALJ's conclusion that the opinion as based on plaintiff's subjective complaints is not supported by substantial evidence, so plaintiff's credibility, or lack thereof, would have little bearing on the reliability of Dr. DeBell's opinion. This was not a specific and legitimate reason sufficient to discredit the opinion.

Finally, the ALJ noted that plaintiff reported to Dr. DeBell in February 2012 that he was applying for disability benefits (Tr. 20, 473). Again, the ALJ does not explain why this statement would be a legitimate reason to discredit Dr. DeBell's opinion. If the ALJ meant this statement to imply that Dr. DeBell's opinion was in some way biased, that is not a specific and legitimate reason to discredit the opinion. According to the Ninth Circuit, "[t]he Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits." *Id.* (*quoting with approval, Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D. Or. 1993)).

The ALJ failed to provide specific and legitimate reasons supported by substantial evidence to discredit Dr. DeBell's opinion. As such the ALJ erred. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is

'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)). Here, in light of Dr. DeBell's opinion that plaintiff would be unable to work a full time work schedule on a regular basis, had her opinion been credited, the disability determination would likely change. As such, the ALJ's failure to properly evaluate this medical opinion was harmful error.

## CONCLUSION

The ALJ failed to provide specific and legitimate reasons supported by substantial evidence to discredit the medical opinion of Dr. DeBell, which may have changed the disability determination.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 11, 2014, as noted in the caption.

Dated this 17th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge